# United States Court of Appeals
# for the Fifth Circuit

———————

No. 25-10384
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
September 26, 2025

Lyle W. Cayce
Clerk

DARRELL STEPHEN JOHNSON,

*Plaintiff—Appellant*,

*versus*

TRINITY MOTHER FRANCES HOSPITAL; FEDERAL BUREAU OF
INVESTIGATION; DRUG ENFORCEMENT ADMINISTRATION;
MACK STEWART, DR.; ROBERT MCKINNEY, DR.; ARMON
JORDAN, DR. RADIOLOGIST; ADMINISTRATIVE STAFF; TMF
HOSPITAL RISK MANAGEMENT; TMF LEGAL COUNSELORS,

*Defendants—Appellees*.

———————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:25-CV-118

———————————————

Before WILLETT, HO, and DOUGLAS, *Circuit Judges*.

PER CURIAM:*

Darrell Stephen Johnson seeks leave to proceed in forma pauperis
(IFP) on appeal from the dismissal of his civil complaint, which he asserted

———————————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

he was filing pursuant to the Federal Tort Claims Act. Johnson alleged that in 1996 and 1997, doctors at Trinity Mother Frances Hospital implanted a GPS transmitter in his head, lied about the item identified on an X-ray, and concealed their actions in installing a new transmitter. He also asserted that the transmitter had been used by government agencies and individuals around the globe to humiliate him, poison him, steal his blood and DNA, force him to have children with other people, violate his right to privacy, and falsely accuse him of being a homosexual. In addition, Johnson contended that federal officers had falsely charged him with crimes to ruin his reputation. The district court adopted the magistrate judge's report, which dismissed Johnson's complaint sua sponte as frivolous, concluding that the allegations underlying his claims were baseless, irrational, and incredible and that the complaint was untimely under Texas law.

By moving to proceed IFP, Johnson is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

In his pleadings before this court, Johnson continues to advance the irrational, incredible, and delusional allegations that he raised in his complaint. He raises no nonfrivolous argument that the district court abused its discretion in dismissing his complaint as frivolous for lacking a basis in fact. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009); *see also Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013); *Howard*, 707 F.2d at 220. Accordingly, it is not necessary to address Johnson's apparent challenges to the finding that his claims are untimely because he is entitled to equitable tolling. He does not challenge the district court's sua sponte dismissal of his complaint without providing

No. 25-10384

him with an opportunity to amend, and any such argument is abandoned. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The instant appeal is without arguable merit and is therefore frivolous. *See Howard*, 707 F.2d at 220. Accordingly, the IFP motion is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.